UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:24-cr-00164 (TSC) |
| | : | |
| **ANDREW MILLER,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION FOR *FARETTA* HEARING

The United States requests a *Faretta* hearing regarding Andrew Miller's ("Miller") decision to represent himself. Miller will be arraigned in the United States District Court on April 16, 2024. He has stated that he would like to represent himself. As the facts below show, there is need for this court to hold al *Faretta* hearing to ensure Miller fully understands his decision and that there is clarity for the record. Furthermore, if the court determines, consistently with the standards applicable in this district, that Miller may represent himself in this matter, the government asks the court to appoint Mr. Miller standby counsel.

### FACTS

On April 1, 2024, the government filed a sealed complaint against Andrew Miller charging him with four misdemeanor offenses stemming from his participation in the attack on the U.S. Capitol on January 6, 2021.[1] *See* Statement of Facts at ECF No. 1 for a description of Miller's

---

[1] The charges were 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2), (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D), (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building)

conduct on January 6. Miller was arrested on April 2, 2024. *United States v. Andrew Miller* 4:24-mj-06119-CEH (N.D. Ohio April 2, 2024, Arrest). After his arrest, Miller refused to speak to anyone, including the arresting agents, pretrial services, counsel, or the Magistrate Judge in the Northern District of Ohio. *See United States v. Andrew Miller* 4:24-mj-06119-CEH (N.D. Ohio April 2, 2024, Minutes of Proceeding). Because of Miller's refusal to speak, the Court sua sponte determined that detention was warranted under 18 U.S.C.§ 3142(f)(2)(A) until his identity hearing, finding that there was a serious risk Miller would flee due to his lack of cooperation.

On April 9, 2024, after being detained for a week, Miller appeared before Magistrate Judge Carmen E. Henderson for his Rule 5(c)(3) Initial Appearance, Identity, and Detention hearings. *See United States v. Andrew Miller* 4:24-mj-06119-CEH (N.D. Ohio, April 9, 2024 Minutes of Proceeding). The court informed Miller of the charges contained in the Information and advised him of his right to counsel and his right to remain silent. Miller stated that he wished to act as his own counsel and signed a Waiver and Notice of Intent to Proceed without Assistance of Counsel. *See United States v. Andrew Miller* 4:24-mj-06119-CEH (N.D. Ohio, ECF No. 8), attached as Exhibit A. At the hearing, the court found that the person in court and the person charged in the Information were the same person. Miller was released on a $20,000 unsecured bond with standard and special conditions.

Miller is scheduled for his initial appearance in Washington, D.C. on April 16, 2024 before Magistrate Judge G. Michael Harvey. As directed by the April 10, 2024 Minute Order, the government contacted the Office of the Federal Public Defender for the District of Columbia and provided their office with information on Miller's initial appearance on April 16th. The Federal Public Defender's office informed the government that Miller wished to appear pro se. and that an Assistant Federal Public Defender from the arresting jurisdiction would be available to be

appointed as standby counsel by the Court if the Court wished or as counsel if Miller changes his mind.

## ARGUMENT

### A.  The Court Should Conduct a Formal *Faretta* Hearing in This District

Under the Sixth Amendment, a criminal defendant has a right to represent himself without giving any reason, provided that his request is unequivocal and that he knowingly and intelligently waives his Sixth Amendment right to professional representation. *Faretta v. California*, 422 U.S. 806, 835-36 (1975). The D.C. Circuit has ruled it is the responsibility of the trial court to ensure this right by conducting a colloquy. ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *United States v. Bisong*, 645 F.3d 384, 393 (D.C. Cir. 2011), citing *Faretta*, 422 U.S. at 835. To ensure a valid waiver of counsel, a judge should "rigorously convey" the pitfalls of proceeding to trial uncounseled and should make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and awareness of the disadvantages of self-representation. *Iowa v. Tovar,* 541 U.S. 77, 92 (2004) (listing factors to consider in evaluating a defendant's waiver "including his education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding," although "a less searching or formal colloquy may suffice at earlier stages of the criminal process.").

This Court should hold its own *Faretta* hearing for Miller. The government wants more explicit findings regarding Miller's understanding of self-representation than those found in Miller's signed Waiver and Notice of Intent to Proceed without Assistance of Counsel. Notably,

the Waiver and Notice states that Miller "has chosen to represent himself in the instant and all further hearings." *United States v. Andrew Miller* 4:24-mj-06119-CEH (N.D. Ohio, April 2, 2024, ECF No.8) The government would like to make it clear that Miller's intent to represent himself extends not just to hearings, but also to other proceedings such as trial. Furthermore, Miller's signature on the document includes his name, but also the words "agent without prejudice". It is unclear what Miller meant with these additions and proceedings should not continue to advance until there is clarity.

Miller will be tried in the U.S. District Court for the District of Columbia and it follows that it is best that a *Faretta* hearing occur before this Court and cover all proceedings anticipated in this district rather than just the type of hearings which would occur before a magistrate judge in the district of arrest. To protect the record, prevent future appellate issues, and preserve the defendant's Sixth Amendment rights, the government requests that the Court schedule and hold a *Faretta* hearing in open court to fully evaluate the defendant's request to proceed pro se.

### B. Miller's Right to Represent Himself

A defendant charged with a crime has an absolute and automatic right to counsel. U.S. Const., Amend. 6.; 28 U.S.C. §1654; *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Faretta v. California*, 422 U.S. 806, 819 (1975). This right requires that legal assistance be made available whether or not the defendant has requested it. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962). A defendant also has the right to represent himself or herself in criminal proceedings. *Faretta*, 422 U.S. at 819; *United States v. Wade*, 388 U.S. 218, 223-27 (1967). To permit a defendant to exercise the right to self-representation, a trial court must ensure that the defendant understands the ramifications of this decision and ensure that the necessary procedural safeguards are complied with. This requires an unequivocal waiver of the right to counsel. A defendant that equivocates is

presumed to have requested the assistance of counsel. *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989).

### C. If the Court Determines That Miller Can Represent Himself, Stand-By Counsel for Miller Should Be Appointed

A defendant's right to self-representation consistent with the holding in *Faretta* is not infringed by assistance from standby counsel that helps the defendant overcome "routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). *See also United States v. Gomez-Rosario*, 418 F.3d 90, 102 (1st Cir. 2005) (a *pro se* defendant's right to address the court freely is not absolute, and a court may use standby counsel to facilitate the orderly functioning of proceedings so long as the defendant retains control over significant tactical decisions on matters of importance).

This will not usurp Miller's right to self-representation. So long as Miller preserves actual control over the case he chooses to present to the jury, and the participation of standby counsel (even without the defendant's consent) does not destroy the jury's perception that the defendant is representing himself, the appointment of a stand-by counsel poses no legal problem for a self-represented defendant. *McKaskle,* 465 U.S. 168 at 178-79.

Miller's initial refusal to respond to routine questions from a neutral and detached magistrate judge in the Northern District of Ohio suggest that he will benefit from the ability to obtain guidance from standby counsel concerning courtroom procedures and protocol. Additionally, standby counsel can facilitate the provision of voluminous discovery materials to the

defendant and can further facilitate access to discovery materials pursuant to the protective order the United States plans to seek that is routinely issued, often without objections, in prosecutions arising from the breach of the U.S. Capitol.  *See United States v. White*, No. 21-cr-563 (JDB) (D.D.C. Oct. 17, 2022) (ECF 45; appointing standby counsel over defendant's objection for limited purpose of facilitating discovery in January 6 prosecution. Attached as Exhibit B).

## CONCULUSION

In order to protect Miller's rights, to provide a clear record, and to facilitate provision of discovery,, the Court should conduct a *Faretta* hearing and appoint standby counsel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    /s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004