# UNITED STATES DISTRICT COURT
## for the
## District of Columbia

LEAVE TO FILE
GRANTED
*Tanya S. Chutkan*
May 6, 2024

United States of America )
)
v. )
) Case No. 1:24-cr-00164
ANDREW M MILLER )
)
)

*Defendant(s)*

# MOTION TO DIMISS – RESPONSE TO CRIMINAL COMPLAINT
# MOTION FOR DISCLOSURE

COMES NOW the Defendant, ANDREW M MILLER who hereby submits this summary response to the complaint alleging involvement in criminal activities on the U.S. Capitol grounds on January 6, 2021, in the District of Columbia. This response challenges the Complaint's reliance on hearsay, the lack of direct evidence and factual specificity, the burden of proof not being met, and the absence of first-hand knowledge, pursuant to Federal Rules of Evidence (FRE), *specifically, Rule 7. Opinion and Expert Testimony; Rule 8. Hearsay (Rule 801-807); and Rule 9. Authentication and Identification.* Federal Rules of Criminal Procedure (FRCP), *specifically, Rule 29: Motion for a Judgment of Acquittal* and established case law.

The defense compels the courts to order the prosecution to disclose the identity of the Complainant's identity, knowing the accuser's identity is essential for preparing a defense, enabling the accused to challenge the credibility and the testimony of the accuser. Facing or knowing your accuser is a fundamental right, particularly in criminal proceedings. This right is rooted in the Sixth Amendment to the U.S. Constitution, which guarantees the accused the right "to be confronted with the witnesses against him:

I.                   DENIAL OF ALLEGATIONS

The Defendant vehemently OBJECTS all accusations of misconduct as outlined in the complaint. It is critical to underscore that the allegations are mere speculations and are not only unsubstantiated but also devoid of concrete factual support. Furthermore, the absence of credible eyewitness testimony further weakens the prosecution's case. This deficiency in providing a solid factual foundation and direct, first-hand evidence is particularly glaring in relation to the purported violations on January 6, 2021, in the District of Columbia. The claim, as it stands, is not bolstered by the rigorous proof required to establish such serious allegations, rendering the accusations against the Defendant not only unfounded but also legally insufficient.:

18 U.S.C. § 1752(a)(1) - Entering or Remaining in a Restricted Building or Grounds.

18 U.S.C. § 1752(a)(2) - Disorderly or Disruptive Conduct in a Restricted Building or Grounds.

40 U.S.C § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds.

40 U.S.C § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building or Grounds.

II.                  ARGUED STATEMENT OF FACTS

1. HEARSAY AND LACK OF FIRST-HAND KNOWLEDGE

The complaint largely relies on generalized statements and fails to provide concrete, first-hand observations of ANDREW MILLER'S actions that would constitute direct evidence of a crime where the alleged evidence came after the fact with no qualified witness to determine intent. As per the Federal Rules of Evidence, Rule 602, which requires that a witness must have personal knowledge of the matter to testify, the complaint falls short of this standard.

Furthermore, the reliance on video footage from unspecified sources without authentication or direct linkage to the Defendant introduces hearsay concerns, contravening Federal Rules of Evidence, Rule 802.

   a) Under Federal Rule of Evidence 901, evidence must be authenticated before it can be admitted, requiring a demonstration that the item is what the proponent claims it to be. The burden of proof for authentication lies with the party presenting the evidence, as clarified in *United States v. Safavian*, 435 F. Supp. 2d 36 (D.D.C. 2006), emphasizing the necessity for a foundational testimony or equivalent proof of authenticity.

b) The photographs and videos cited lack demonstrable proof of their authenticity, with no information on their source, date, time, or context verified by a knowledgeable witness directly connected to their production or acquisition. The absence of such foundational authentication renders these items inadmissible under Rule 901.

## 2. INSUFFICIENCY OF AFFIDAVIT BASED ON LACK OF FIRST-HAND KNOWLEDGE

The affidavit serving as the foundation for the issuance of an arrest warrant against ANDREW MILLER is fundamentally flawed due to its heavy reliance on second-hand testimonies from surveillance activities that did not directly capture any alleged criminal behavior, and an overreliance on circumstantial evidence. Such evidentiary basis is insufficient for establishing probable cause. The Supreme Court's decision in *Aguilar v. Texas*, 378 U.S. 108 (1964), explicitly mandates a more stringent standard, requiring direct evidence or reliable observations to justify the issuance of an arrest warrant. This principle has been further clarified and reinforced in subsequent jurisprudence, emphasizing the necessity for affidavits to be grounded in direct observations or incontrovertible evidence to meet the legal threshold for probable cause. The affidavit in question, devoid of direct law enforcement observation and overly dependent on information from intermediaries whose credibility and reliability remain unverified, starkly falls short of these judicially established standards.

Furthermore, Franks v. Delaware, 438 U.S. 154 (1978), establishes that a defendant has a right to a hearing to challenge the veracity of the affidavit when it is alleged that the affidavit contains false statements or omissions made knowingly, intentionally, or with reckless disregard for the truth. The principle that emanates from Franks underscores the importance of accuracy and reliability in affidavits supporting warrants, particularly concerning the source of the affiant's information.

3. LACK OF FACTUAL SPECIFICITY AND BURDEN OF PROOF

The narrative provided does not sufficiently detail the Defendant's specific actions, locations, or roles, if any, in the alleged criminal conduct. The principle established in *United States v. Bass*, 404 U.S. 336 (1971), underscores the government's obligation to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. The complaint's generic descriptions fail to meet this burden, lacking the factual specificity required to justify probable cause under Federal Rule of Criminal Procedure 4.

### III. RELIANCE ON CIRCUMSTANTIAL EVIDENCE AND PUBLIC SOURCES

The use of national news coverage and video footage captured by individuals as the basis for allegations raises significant questions about the reliability and admissibility of such evidence. The Supreme Court's guidance in Kyles v. Whitley, 514 U.S. 419 (1995), emphasizes the importance of evidence reliability and the prosecutor's duty to disclose evidence favorable to the defendant. The complaint's indirect references to the Defendant's presence and actions, based on public sources, do not establish a direct link to criminal activity, as required for a conviction.

### IV. CONCLUSION AND REQUEST FOR RELIEF

In the case against ANDREW M. MILLER regarding alleged violations on January 6, 2021, at the U.S. Capitol, the prosecution has notably failed to meet the critical burden of proof. This summary response elucidates the fundamental shortcomings in the complaint, underscoring the reliance on hearsay, the absence of direct evidence, a glaring lack of factual specificity, and a significant void of first-hand knowledge. These deficiencies were highlighted with respect to the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, particularly emphasizing the paramount requirements for Opinion and Expert Testimony (Rule 7), the stringent limitations on Hearsay (Rules 801-807), and the necessity for Authentication and Identification of evidence (Rule 9);

The integrity of the judicial process hinges on the admissibility of reliable and properly authenticated evidence. The photographic and video evidence against ANDREW M MILLER

fails to meet the requisite legal standards for admissibility, and as such, should not be considered in determining his alleged participation in the events of January 6, 2021. The Defendant requests that this Court grant the motion to exclude this evidence.

In light of the significant shortcomings in the prosecution's case—marked by a reliance on hearsay, the failure to authenticate evidence properly, the absence of credible eyewitness testimony, and ineffective expert analyses—the charges against ANDREW M. MILLER cannot be substantiated to the degree required by law. The evidence, as presented, does not meet the burden of proof necessary to establish guilt beyond a reasonable doubt, rendering the prosecution's case inadequate for securing a conviction. Accordingly, it is imperative that the court dismiss the complaint against ANDREW M. MILLER for failing to state a claim upon which relief can be granted, reaffirming the principle that a defendant is presumed innocent until proven guilty beyond a reasonable doubt.

Dated this 2nd day of May, 2024

By: _____ agent

Resigned as principle on 11/02/2023

FOR: Descendant Estate of ANDREW M MILLER