

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*

August 15, 2024

Alvaro De Cola
Assistant Federal Public Defender
Federal Public Defender's Office for the Northern District of Ohio
Alvaro_DeCola@fd.org

    Re:   *United States v. Andrew Miller*
           Case No. 1:24-cr-00164-TSC

Dear Mr. De Cola:

      This letter sets forth the full and complete plea offer to Andrew Miller (hereinafter referred to as the "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on September 29, 2024. If you accept the terms and conditions of this offer, please execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

    **1.**    **Charges and Statutory Penalties**

      The defendant agrees to plead guilty to Counts Three and Four of the Information, charging the defendant with Disorderly and Disruptive Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Three) and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four).

      The defendant understands that a violation of 40 U.S.C. § 5104(e)(2)(D) carries a maximum sentence of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

      The defendant further understands that a violation of 40 U.S.C. § 5104(e)(2)(G) carries an additional maximum sentence of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not

more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

The defendant understands that the sentences imposed for each count may be consecutive; that is, the defendant can be sentenced up to the maximum sentence for Count Three in addition to the maximum sentence for Count Four. For example, pursuant to 18 U.S.C. § 3584(a), the sentence may include multiple consecutive terms of imprisonment (up to twelve (12) months of imprisonment), and, pursuant to 18 U.S.C. § 3561(a)(3), the sentence may include a term of imprisonment and a term of probation.

In addition, pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), the defendant agrees to pay a special assessment of $10 per count of conviction to the Clerk of the United States District Court for the District of Columbia.

### 2. Factual Stipulations

The defendant agrees that the attached "Statement of Offense" fairly and accurately describes the defendant's actions and involvement in the offenses to which the defendant is pleading guilty. Please sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3. Cooperation with Additional Investigation

The defendant agrees to allow law enforcement agents to review any social media accounts operated by the defendant for statements and postings in and around January 6, 2021, and conduct an interview of the defendant regarding the events in and around January 6, 2021. The defendant can accomplish this through an in-person meeting with a law enforcement agent to allow the law enforcement agent to look through social media accounts on the defendant's phone or other device.

### 4. Additional Charges

In consideration of the defendant's guilty plea to the above offenses, the defendant will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Information in this case at the time of sentencing. The defendant agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

After the entry of the defendant's plea of guilty to the offenses identified in paragraph 1 above, the defendant will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by the defendant prior to the execution of this Agreement and about which this Office was made aware by the defendant prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute the defendant for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact the defendant committed or commits such a crime of violence prior to or after the execution of this Agreement.

### 5. Sentencing Guidelines Do Not Apply

The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a). The defendant further understands that 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(G) are both class B misdemeanors, as defined by 18 U.S.C. § 3559(a)(7). Accordingly, pursuant to § 1B1.9 of the United States Sentencing Commission, *Guidelines Manual* (2023), the sentencing guidelines do not apply to the defendant's sentencing.

### 6. Reservation of Allocution

The Government and the defendant reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of the defendant's misconduct, including any misconduct not described in the charges to which the defendant is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

The defendant understands that, pursuant to 18 U.S.C. § 3561(a)(3), the Government may recommend a sentence that includes both a term of imprisonment and a term of probation for the two offenses to which the defendant will plead guilty.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, the defendant acknowledges that the Government is not obligated and does not intend to file any post-sentence reduction motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7. Court Not Bound by this Agreement.

The defendant understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). The defendant further understands that the sentence to be imposed is a matter solely within the discretion of the Court. The defendant acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. The defendant understands that the Government's recommendation is not binding on the Court.

The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence he will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the Court impose a sentence that does not follow the Government's sentencing recommendation. The Government and the defendant will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by the defendant to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8.  Conditions of Release

The defendant acknowledges that, although the Government will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of his plea of guilty. The Government may move to change the defendant's conditions of release, including requesting that the defendant be detained pending sentencing, if the defendant engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of the defendant's plea of guilty and that is relevant to whether the defendant is likely to flee or pose a danger to any person or the community. The defendant also agrees that any violation of the defendant's release conditions or any misconduct by the defendant may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for the defendant's arrest and that the defendant be detained without bond while pending sentencing in the defendant's case.

### 9.  Waivers

#### A. Venue

The defendant waives any challenge to venue in the District of Columbia.

#### B. Statute of Limitations

The defendant agrees that, should the convictions following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

#### C. Trial Rights

The defendant understands that by pleading guilty in this case the defendant agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. The defendant agrees to forgo the right to any further discovery or disclosures of information not already provided at the time of the entry of the defendant's guilty plea. The defendant also agrees to waive, among other rights, the right to plead not guilty, and the right to a trial. If there were a trial, the defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against the defendant, to challenge the admissibility of evidence offered against the defendant, to compel witnesses to appear for the purpose of testifying and presenting other evidence on the defendant's behalf, and to choose whether to testify. If there were a trial and the

defendant chose not to testify at that trial, the defendant's failure to testify could not be held against the defendant. The defendant would be presumed innocent until proven guilty, and that the burden would be on the United States to prove the defendant's guilt beyond a reasonable doubt. If the defendant were found guilty after a trial, the defendant would have the right to appeal the defendant's conviction. The defendant understands that the Fifth Amendment to the Constitution of the United States protects the defendant from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, the defendant knowingly and voluntarily waives or gives up the defendant's right against self-incrimination.

The defendant acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules in the event the defendant withdraws the defendant's guilty plea or withdraws from this Agreement after signing it.

The defendant also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. The defendant understands that the date for sentencing will be set by the Court.

### D. Appeal Rights

The defendant agrees to waive, insofar as such waiver is permitted by law, the right to appeal the convictions in this case on any basis, including but not limited to claim(s) that (1) the statutes to which the defendant is pleading guilty are unconstitutional, and (2) the admitted conduct does not fall within the scope of the statutes. The defendant understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. The defendant also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences the defendant above the statutory maximum determined by the Court. In agreeing to this waiver, the defendant is aware that his sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the defendant knowingly and willingly waives the defendant's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, the defendant retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E. Collateral Attack

The defendant also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent



such a motion is based on newly discovered evidence or on a claim that the defendant received ineffective assistance of counsel. The defendant reserves the right to file a motion brought under 18 U.S.C. § 3582(c).

### F. Hearings by Video Teleconference and/or Teleconference

The defendant consents, under Federal Rule of Criminal Procedure 43(b)(2) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing. The defendant further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case.

### 10. Use of Self-Incriminating Information

The Government and the defendant agree that the Government will be free to use against the defendant for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by the defendant pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### 11. Restitution

The defendant acknowledges that the riot that occurred on January 6, 2021, caused as of July 7, 2023, approximately $2,923,080.05 in damage to the United States Capitol, as well as additional losses to the Metropolitan Police Department. The defendant agrees as part of the plea in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, the defendant agrees to request one from usadc.ecfflu@usa.doj.gov. The defendant will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to the defendant's sentencing. The defendant agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, the defendant agrees to cooperate with the Financial Litigation Unit. The defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.



The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

The defendant understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If the defendant is sentenced to a term of imprisonment by the Court, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

The defendant certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, the defendant promises to make no such transfers in the future until he has fulfilled the financial obligations under this Agreement.

### 12. Breach of Agreement

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or to fulfill completely each and every one of his obligations under this Agreement, or engages in any criminal activity prior to sentencing, he will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

The defendant understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. He understands and agrees that the Government reserves the

right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, the defendant will not be allowed to withdraw his guilty plea.

### 13. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and an Assistant United States Attorney for the District of Columbia.

The defendant further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than September 29, 2024.

Sincerely yours,

*[signature]*

Matthew M. Graves
United States Attorney

By:  *[signature]*

Matthew Beckwith
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and discussed it with my counsel, Alvaro De Cola, I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 9-27-24

Andrew Miller
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with Andrew Miller, and fully discussed the provisions of this Agreement with the defendant. These pages accurately and completely set forth the entire Agreement.

Date: 09/24/24

Alvaro De Cola
Defense Counsel